# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

RUDY RODRIGUEZ,

       Petitioner,

v.                                                            Civil No. 00-1095 BB/WWD

JOE WILLIAMS, et al.,

       Respondents.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION
**Proposed Findings**

    1. THIS MATTER comes before the Court upon Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed July 26, 2000.  Mr. Rodriguez is currently incarcerated and is proceeding *pro se* and *in forma pauperis.*  Following a jury trial, Petitioner was convicted of the crime of Residential Burglary.  He is currently confined pursuant to the judgment, sentence and commitment of the Third  Judicial District Court, Dona Ana County.  Based on three prior felony convictions, Petitioner was sentenced under New Mexico's habitual offender statute.

    2. In its Answer, the State requests that the petition be dismissed with prejudice, in deference to state court findings on issues raised by Petitioner, and based on the full and fair hearing Petitioner received on the Fourth Amendment claim in state court.  For reasons given below, I find that the petition should be dismissed.

    3. Petitioner was arrested during a search police conducted in a neighborhood following a response to a residential burglary report at about four o'clock in the morning.  Petitioner was later

positively identified at a show-up identification by nineteen year-old Chad Smith, who lived at the house in which the burglary occurred. During the burglary, Chad had woken up in the house and had surprised the burglar trying to get the front door unlocked.

4. The petition asserts three grounds for relief:

(1) that the police officer did not have reasonable suspicion or probably cause to make an investigatory stop, violating his Fourth Amendment rights;

(2) that both the out-of-court and in-court identifications of him were impermissibly suggestive, violating his Due Process rights; and

(3) that there was insufficient evidence to support his conviction.[1]

5. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),[2] a habeas petitioner will not be entitled to habeas relief unless he can establish that a habeas claim adjudicated by the state courts "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established" Supreme Court law, or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) & (2). State court findings of fact are presumed correct, unless petitioner is able to rebut that presumption by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1); Pickens v. Gibson, 206 F.3d 988, 993 (10th Cir.2000). Factual findings from state court proceedings are presumed correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). State determinations of legal questions or mixed

---

[1] Petitioner mentions that his Fifth Amendment rights were violated, but does not support the allegation with reference to a specific claim or set of facts.

[2] Pub.L.No. 104-132, tit.I, sec. 104 (codified at 28 U.S.C. §§ 2254(d),(e) (April 24, 1996)). See Lindh v. Murphy, __ U.S. __, 117 S.Ct. 2059, 2068 (1997) (new AEDPA provisions generally apply only to cases filed after the Act became effective).

questions of fact and law are now also given deference  A federal court may grant habeas relief if, and only if, the "decision" resulting from that adjudication was "contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or involved an "unreasonable application of" law, or an "unreasonable determination of the facts in light of the evidence" presented at the state level.  § 2254(d).

**Ground One - Investigatory Stop**

6. Petitioner argues that the generalized description of the burglar was not enough to detain him, as there was no match.

7. The state court of appeals determined that there was reasonable suspicion to support an investigatory stop of Mr. Rodriguez, during which officers could either "confirm or dispel their suspicions" about his presence in the neighborhood.  Ex. E at 2.  In coming to this determination, the state court relied on state cases, which in turn rely on the federal standard as set forth in Terry v. Ohio, 392 U.S. 1, 21 (1968):  police officers can temporarily detain an individual suspected of criminal activity if the officer can point to "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion."

8. The state court of appeals looked at the facts and evidence in the case:  Police were searching the neighborhood when Petitioner non-threateningly approached them from behind, whereupon police began questioning Mr. Rodriguez about what he was doing in the area. Petitioner was the lone person in the neighborhood at that time.  Petitioner told the police he was visiting a friend, but was unable to tell the officers where the friend lived.  He also refused to tell

the officers where he himself lived.[3]  When police noticed a cut on Mr. Rodriguez' hand, they decided to detain him to see if the witness could identify him.  Ans., Ex. C at 2-3; Ex. E at 2.

9.  I find that the state court's decision was not an unreasonable determination of the facts, nor was it contrary to clearly established federal law.  Petitioner offers no other facts which could be considered clear and convincing evidence to rebut the presumption of correctness afforded to the state court's findings.  Therefore, relief should be denied on this ground.

**Ground Two - Identification**

10.  Petitioner alleges that both the out-of-court and in-court identifications of him were impermissibly suggestive, violating his Due Process rights.

11.  The state court based its decision on two state cases, State v. Wheeler, 95 N.M. 378, 381-2 (Ct.App. 1980) (photo identifications) and State v Padilla, 122 N.M. 92 (Ct.App. 1996)(show-up identifications).  The court of appeals noted that the critical inquiry is whether the identification can be considered reliable "under the totality of the circumstances." Ex. C at 3.

12.  Less than two hours after Chad had seen the intruder in his house, Chad Smith identified Mr. Rodriguez as the intruder at a show-up identification at the location where the police were detaining Petitioner.  The physical description that had been earlier been provided to the police was of a Hispanic male, mid to late 30's, about 5'4" tall, wearing dark pants and a t-shirt.

13.  Although Mr. Rodriguez was wearing a long sleeve shirt when he was stopped and has a moustache and goatee, the state court nevertheless found that the general description

---

[3] According to the docketing statement filed by the federal public defender, Mr. Rodriguez told the officer that "it was none of his business where he lived."  Ans. Ex. B, at 3.

4

matched Petitioner sufficiently to support the officers' detention of Petitioner in order to "investigate his presence in the neighborhood." Ex. C at 4; Ex. E at 2. In reviewing the factors to be considered in determinating overall reliability of a show-up identification,[4] the court of appeals concluded that any discrepancies in Chad's testimony did not make the identification unreliable and instead agreed with the trial court that the identification was reliable. The witness, Chad Smith, had observed the intruder from a distance of only five to six feet away, since he had first approached the intruder before going to wake his father for help. The court of appeals also noted that Chad had a "good opportunity to view the intruder, even though only from the side." Ex. C at 4.

14. The state court of appeals noted that Mr. Rodriguez did not specify what his contentions were concerning the in-court identification. The court construed Petitioner as arguing that because the out-of-court identification was allegedly flawed, the in-court identification "flowing from that is also flawed." Ex. C at 5. However, based on the state court's finding that the initial identification *was* reliable, any further identification based on that was also reliable.

15. As with Petitioner's first issue, the state court applied clearly established federal law to this second issue also, since the New Mexico cases refer to United State Supreme Court cases in its reasoning, Manson v. Brathwaite, 432 U.S. 98 (1977) (inquiry is "whether under the 'totality of the circumstances' the identification was reliable even though the confrontation procedure was

---

[4] These factors include: the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation. State v. Wheeler, 95 N.M. 378, 381 (Ct.App. 1980).

suggestive"(citing Neil v. Biggers, 409 U.S. 188 (1972)).

16. Accordingly, deference should be given to the state court's findings on this issue, and relief should be denied on this ground.

**Ground Three - Sufficiency of the Evidence**

17. Petitioner contends that there was insufficient evidence to support his conviction

18. Similarly to the previous issues raised by Petitioner, the court of appeals based its holding on state due process law which is consistent with clearly established federal law.  State and federal courts review sufficiency of the evidence claims "to determine whether any rational jury could have found each element of the crime to be established beyond a reasonable doubt." State v. Huff, 125 N.M. 254, 257 (Ct.App. 1998).  Huff also requires the court to review the evidence in the light most favorable to the verdict, "resolving all conflicts therein and indulging all permissible inferences therefrom in favor of the verdict."  Huff at 257 (cited case omitted).

19. Under federal law, evidence is sufficient to support a criminal conviction "if a reasonable jury could find the defendant guilty beyond a reasonable doubt, given the direct and circumstantial evidence, along with reasonable inferences therefrom, taken in a light most favorable to the government."  United States v. Mains, 33 F.3d 1222, 1227 (10th Cir. 1994); Jackson v. Virginia, 443 U.S. 307, 319 (1979); In re Winship, 397 U.S. 358, 362  (1970).

20. Other than the identification evidence, which the state court found was properly admitted, there was evidence at trial that the intruder did not have permission to be inside the house, and that when the intruder ran from the house, he dropped a shirt-jacket belonging to a resident of the house.  A reasonable jury could find that this constituted sufficient evidence of an intent to enter into the home to commit a theft.  Relief on this claim should be denied.

6

**Exclusionary Rule - Fourth Amendment**

21.  Respondent poses another basis for dismissal, which I find well-taken.  Under Stone v. Powell, 428 U.S. 465, 481-82 (1976), habeas relief shall not be granted on the ground that the trial court admitted evidence obtained in violation of the Fourth Amendment despite the judicially-created exclusionary rule, provided that the defendant had an opportunity for full and fair litigation of the Fourth Amendment claim.  See also Smallwood v. Gibson, 191 F.3d 1257, 1265 (10th Cir. 1999) (agreeing with the district court that Stone barred habeas relief on this claim where petitioner had such opportunity in that he had a motion to suppress the evidence resulting from his alleged unlawful seizure, repeatedly objected to the admission of this evidence before the Oklahoma County District Court, and raised issue on direct appeal, and issue was thoughtfully considered on its merits, applying the appropriate Supreme Court precedent and finding no unconstitutional detention).

22.  Stone applies here.  At trial, defense counsel moved to suppress the use of any evidence and statements obtained as a result of the allegedly illegal seizure of Petitioner, as well as the out-of-court identification by Chad Smith as a result of an illegal show-up identification.  A hearing was held on the motion, although it was denied.  At the close of the state's case, the defense renewed its motion to suppress the witness' identification of Petitioner. Thus, Petitioner had a full and fair hearing in state court on his Fourth Amendment claim.

23.  I do not find that fundamental unfairness or a gross miscarriage of justice has occurred in this case.  Petitioner has not made a colorable showing of actual innocence other than his conclusory statements.  See Park v. Reynolds, 958 F.2d 989, 995 (10th Cir.), cert. den., 112

S.Ct. 1310 (1992) (fundamental unfairness requires that petitioner must show that the alleged constitutional violations probably caused the conviction of a person who is actually or factually innocent).

### Recommendation

I recommend that Petitioner's application for Writ of Habeas Corpus be DENIED and that this cause be DISMISSED WITH PREJUDICE IN ITS ENTIRETY.

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections with the clerk of the district court within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

UNITED STATES MAGISTRATE JUDGE